IN HOME HEALTH CARE, INC., et al., Plaintiffs,

v.

Otis R. BOWEN, et al., Defendants.

Civ. A. No. 84–0957.

United States District Court, District of Columbia.

July 15, 1986.

Stanley M. Brand, Brand & Lowell, Washington, D.C., for plaintiffs.

Raidt's individual activities under count VII rather than VIII. However, no harm is done.

Stuart I. Silverman, Office of the General Counsel, Department of Health and Human Services, Washington, D.C., Robert C. Seldon, Asst. U.S. Atty., for the District of Columbia, for defendants.

## MEMORANDUM

SPORKIN, District Judge.

Plaintiffs, two Medicare beneficiaries and two home health agency providers, challenge the validity of an "interpretative" regulation issued by the Department of Health and Human Services (HHS) without the exercise of the notice and comment procedures of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq. The challenged rule prohibits home health agency providers from representing Medicare beneficiaries appealing denials of their reimbursement claims. Presently before the Court are cross motions for summary judgment. There being no genuine issue as to any material fact, the Court can proceed to determine whether plaintiffs or defendants are entitled to judgment in their favor as a matter of law.

### I

The Medicare Act (the "Act"), 42 U.S.C. § 1395 et seq., provides a system of health insurance coverage to the aged and disabled for the cost of certain hospital and home health services. Under the Act, an eligible Medicare beneficiary is entitled to have payment made by the Medicare program on his/her behalf for home health services provided by a home health agency. Home health agencies are specifically included as "providers" under the Act. See 42 U.S.C. § 1395x(u).

HHS retains fiscal intermediaries who determine whether a particular medical service is covered by the Medicare program and, if so, the amount of the reimbursement expense for that service. 42 U.S.C. § 1395h; 42 C.F.R. § 405.702. If the intermediary decides that a particular service is not covered by Medicare or does not pay the amount to which the beneficiary believes he/she is entitled, the beneficiary can appeal such adverse determinations to three levels of administrative review. 42 C.F.R. §§ 405.710–405.716, 405.701(c), 405.-724 (incorporating 20 C.F.R. § 404.967).[1]

HHS, on August 5, 1980, promulgated a regulation prescribing non-attorneys who may represent a Medicare beneficiary in the appeals process. The regulation was promulgated pursuant to the statutory provision authorizing the Secretary to adopt regulations prescribing rules governing the recognition of non-lawyers who may represent Medicare claimants in the administrative appeals process.[2] The regulation, which was adopted after HHS gave the public full notice and the right to comment,[3] provides that a beneficiary may designate a non-attorney as a representative if the non-attorney:

(1) Is generally known to have good character and reputation;

(2) Is capable of giving valuable help to you in connection with your claim;

(3) Is not disqualified or suspended from acting as a representative ... and

(4) Is not prohibited by any law from acting as a representative.

20 C.F.R. § 404.1705(b).

In January 1984, HHS issued Transmittal No. 150 (the "Transmittal"). The Transmittal, identified on its face as "NEW

---

**1.** If the beneficiary's administrative appeals are denied, the claimant may seek judicial review in federal district court of the Secretary's "final decision". 42 U.S.C. §§ 1395ff(b)(1)(C), (b)(2).

**2.** 42 U.S.C. § 406(a) provides in pertinent part: The Secretary may prescribe rules and regulations governing the recognition of agents or other persons, other than attorneys as hereinafter provided, representing claimants before the Secretary, and may require of such agents or other persons, before being recognized as

representatives of claimants that they shall show that they are of good character and in good repute, possessed of the necessary qualifications to enable them to render such claimants valuable service, and otherwise competent to advise and assist such claimants in the presentation of their cases.

**3.** See 45 Fed.Reg. 52078 (August 5, 1980). Plaintiffs do not challenge the validity of this regulation.

POLICY—EFFECTIVE DATE: January 18, 1984", added a new section to the Medicare Home Health Agency Manual. The "NEW POLICY" totally prohibits home health providers from representing a beneficiary in appealing claims denied under the Medicare program. The Transmittal expressly states HHS' view that permitting providers to act as the beneficiary's representative is of "dubious value" to the beneficiary because there is a question of potential conflicts of interest between home health agency providers and beneficiaries in the appeals process. HHA Manual § 257A.1.

The two individual plaintiffs have had their administrative appeals dismissed because they respectively designated the two home health agency plaintiffs as their representatives. Plaintiffs allege, *inter alia*, that the Transmittal constitutes an invalid regulation because it was promulgated without the exercise of the public notice and comment procedures of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* Defendants contend that the Transmittal is within the notice and comment exception applicable to interpretative rules, 5 U.S.C. § 553(b)(A), because it is merely a clarification of existing statutory directives and regulations governing representation of beneficiaries in administrative appeals.

## II

The "essential purpose [of the APA] notice and comment procedures is to reintroduce public participation and fairness to affected parties after governmental authority has been delegated to unrepresented agencies." *Batterton v. Marshall,* 648 F.2d 694, 703 (D.C.Cir.1980).[4] This Court has recognized that the notice and comment procedures serve "to curb bureaucratic actions taken without consultation and notice to persons affected." *American Academy of Pediatrics v. Heckler,* 561

F.Supp. 395, 398 (D.D.C.1983). Among the limited exceptions to the general notice and comment requirements is the exception for "interpretative rules," 5 U.S.C. § 553(b)(A). "This exemption, like the others, is to be narrowly construed." *Credit Union National Ass'n. v. National Credit Union Administration Board,* 573 F.Supp. 586, 591 (D.D.C.1983), *citing Humana of South Carolina, Inc. v. Califano,* 590 F.2d 1070, 1082 (D.C.Cir.1978). *See also National Senior Citizens Law Center v. Legal Services Corp.,* 581 F.Supp. 1362, 1369 n. 7 (D.D.C.1984), *aff'd,* 751 F.2d 1391 (D.C.Cir. 1985).

The test to determine whether a rule is interpretative or whether it is substantive and subject to notice and comment procedures is found in *Gibson Wine v. Snyder,* 194 F.2d 329, 331 (D.C.Cir.1952):

> [I]t seems to be established that 'regulations,' 'substantive rules' or 'legislative rules' are those which create law, usually implementary to an existing law; whereas interpretative rules are statements as to what the administrative officer thinks the statute or regulation means.

Quoted in *Cabais v. Egger,* 690 F.2d 234, 238 (D.C.Cir.1982).

## III

The Court finds that Transmittal 150 does much more than restate or clarify existing law—it makes a substantive change in existing law by preventing all beneficiaries from designating home health agencies as their non-attorney representative in the administrative appeals process. Neither the underlying statute nor the duly promulgated regulation governing non-attorney representation, 20 C.F.R. § 404.-1705(b), contains even a hint that home health agencies should be prohibited from representing beneficiaries.[5] Significantly,

---

**4.** *Accord Texaco, Inc. v. FPC,* 412 F.2d 740, 744 (3d Cir.1969).

**5.** While HHS claims it disfavored providers representing beneficiaries long before the promulgation of the 1980 regulation (20 C.F.R. § 404.-1705(b)), *see* Deposition of John Barton of HHS,

pp. 116–122, HHS did not seek public comment on potential conflicts of interest or otherwise flag provider representation as an issue in connection with the promulgation of the 1980 regulation. *See* 44 Fed.Reg. 20176 (April 4, 1979).

the Transmittal contains no reference to any interpretation of any statute or regulation concerning the representation of beneficiaries by non-attorneys and describes no pre-existing policy on provider representation. Indeed, the total prohibition is disclosed as a "NEW POLICY" on the face of the Transmittal.

HHS' interpretation ostensibly is premised on its belief that there is a potential conflict of interest which precludes providers from rendering "valuable [representative] help" to a beneficiary. Transmittal 150, in effect, adds a fifth standard to the four criteria set forth in the 1980 regulation (20 C.F.R. § 404.1705) on the designation of a non-attorney representative, which HHS promulgated pursuant to the publication, notice and comment requirements of the APA.[6] This new exclusionary category bars all home health providers of Medicare services from serving as a Medicare beneficiary's representative in every instance. The preclusion even applies to appeals where the beneficiary might otherwise be unrepresented and where there is a total absence of any conflict of interest between the beneficiary and the home health agency.

It may well be that prohibiting providers of Medicare services from representing Medicare beneficiaries is warranted. Such a provision, however, should only be adopted after interested parties have had the opportunity to consider the proposed change and comment on it. There are two

Medicare beneficiaries in the present case ably represented by knowledgeable counsel who do not believe a conflict exists between them and their providers and who persuasively argue that potential conflicts would not be pervasive generally. Perhaps they and others similarly situated can articulate to the Secretary the bases for their views and may indeed persuade the Secretary to eliminate entirely or, at least, narrow the broad disqualification. Accordingly, the Court, in "narrowly" construing the asserted exception to the APA procedures, holds that Transmittal 150 is not an "interpretative rule" and must be vacated for failure to comply with the APA's notice and comment requirements.[7]

For all the reasons above, the Court grants plaintiffs' motion for summary judgment and denies defendants' motion for summary judgment.[8] Plaintiffs, on notice to defendants, shall submit an appropriate form of Order in accordance with this decision.

---

**6.** *See* 44 Fed.Reg. 20176 (April 4, 1979); 45 Fed.Reg. 52078 (August 5, 1980).

**7.** The Court is aware that the recent decision in *American Hospital Association v. Bowen*, 640 F.Supp. 453, (D.D.C.1986), upheld the validity of a transmittal which is similar to Transmittal 150 in that it precludes hospital providers from representing Medicare beneficiaries in administrative appeals. In *American Hospital Association*, numerous HHS regulations and procedures applicable to the Peer Review Improvement Act of 1982 were attacked by the sole plaintiff, the American Hospital Association. Two out of thirty-three pages of the Court's opinion discussed

the transmittal regarding hospital provider representation. Unlike *American Hospital Association*, individual beneficiaries appeared in the case now before the Court and articulated why Transmittal 150 represents a substantive change of law and would act adversely to their interests and the interests of other beneficiaries.

**8.** Plaintiffs also claim that Transmittal 150 is substantively invalid because it violates due process and it constitutes arbitrary and capricious agency action. The Court's decision as set forth herein makes it unnecessary to resolve these arguments.